LINDQUEST *v.* UNION PAC. RY. CO.

(*Circuit Court, D. Colorado.* January 9, 1888.)

1. TRESPASS—ORIGINAL ENTRY—USER—PLEADING.
    In an action for damages caused by the unlawful occupation by a railroad company of the street in front of plaintiff's premises, it appeared that one paragraph of the complaint claimed for the unlawful use, after entry; and, in another, counted for an original entry. *Held*, that the demurrer to an answer, which presented allegations against an action for original entry, should be overruled.

2. SAME.
    On motion by defendant for judgment on the pleadings, the answer presented allegations against an action for original entry, and the petition claimed damages for both the original entry and for the unlawful use, after entry, by the defendant railroad company. *Held*, the motion would be denied.

At Law. On demurrer to complaint, and motion for judgment.

The plaintiff, Lindquest, brings this action against the Union Pacific Railway Company, defendant, for damages caused by the occupation of the street by defendant in front of plaintiff's residence.

*Browne & Putnam,* for plaintiff.

*Teller & Orahood,* for defendant

BREWER, J. In Lindquest against the Union Pacific Railway Company there is a demurrer to the second count in the answer, as well as a motion by the defendant for judgment on the pleadings. The action is one for damages, caused by the occupation of the street, in front of the plaintiff's residence, by the railroad company, defendant. In cases of

that kind, as I ruled in the *Frankle Case, ante* 371, where the action is for an unlawful entry upon the street, and the placing of the track there in the first instance, there arises at the time the wrong is done a single cause of action for the diminution in value of the premises, in which action all the damages caused by such occupation must be estimated, and recovered, and there is no continuing wrong out of which an action springs from each day's occupation of the street. And, on the other hand, where the gist of the complaint is not the unlawful entry and occupation of the street, but the unlawful use of the track in permitting cars to stand upon it, in using that track and its surroundings as a yard for loading and unloading cars, that, being a wrong temporary and fugitive in its nature, is one which subjects the wrong-doer to an action whenever and as often as he commits such wrongs.

Now, the question is, what is the character of this complaint? The gist of it appears in the fourteenth paragraph: "And the plaintiff avers that at all times since, to-wit, the first day of May, 1880, the defendant has been the owner or in the use and occupation of the railway track, for three rails for wide and narrow gauge cars, running through and along said Wynkoop street in front of said lots, and within twenty feet of the front line of said lots; that during all the time since last-named date said defendant has used said track for railway purposes, and for running thereon trains of cars propelled by steam, and has converted said street in front of said lots into yards for loading and unloading cars, and for standing to load and unload cars on, whereby access to and from his said premises has been cut off and made dangerous and inconvenient, and the quiet and comfortable occupation invaded by the noise of running cars, and the security endangered by live sparks from its engines."

The gist of that is, not for the unlawful entry in the first instance, but for the unlawful use after entry,—the use for loading and unloading cars, permitting cars to stand thereon. It seems to me that that is one of those temporary wrongs on which a cause of action arises as often as the wrongs are committed. It is true, in the last paragraph the plaintiff also alleges that "the said street, long before it was occupied by said railway track, had been possessed and improved by the said city,  * * *  and that the defendant, without any lawful authority, without any proceeding to condemn the right of way thereon, without the consent, and against the will, of the plaintiff, or any of his grantors, without compensation to any person for such use as aforesaid, occupied the same for its private gain." That suggests an attempt also to recover for damages in the original unlawful entry, and it may be that the plaintiff has endeavored to unite the two causes of action in the one complaint.

The second count of the answer, which is challenged by demurrer, contains allegations which might properly be presented as against an action for original entry; thus, that the supposed railroad track alleged to have been constructed in said street was so constructed in or along said premises described in said complaint before plaintiff acquired title thereto, or any part thereof, and that defendant and its grantors now have, and had at the time of the construction of said supposed track, full

right and authority to construct, maintain, and operate said supposed railroad track on said street, and that the original owners were all compensated for such entry; also that the track was constructed under authority given by the city of Denver.

Now, so far as those allegations are supposed to present any defense to a cause of action for the unlawful use of the track, it seems to me they do not. They simply tend to show that the original entry and occupation of the street were authorized, or, at least, that the plaintiff has no right to recover for them. Inasmuch as the petition seems to count in the last clause also for an original entry, this would, to that part of the petition, be a defense. So I think the demurrer will have to be overruled.